IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IRA BROWN, | ) | 8:13CV318 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| PHYLLIS BRUNS, ERIC ANDER, | ) | |
| and U.S.P.S., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on October 17, 2013. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.) Plaintiff has also filed a Supplement to his Complaint.[1] (Filing No. 6.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.   SUMMARY OF COMPLAINT

Plaintiff filed his Complaint in this matter against his former employer, the United States Postal Service ("USPS"), and two individual USPS managers. (Filing No. 1 at CM/ECF p. 1.) Plaintiff currently resides in Omaha, Nebraska. (*Id*. at CM/ECF p. 1; Docket Sheet.)

Condensed and summarized, Plaintiff alleges he sustained a work-related injury on December 19, 2012. (Filing No. 1. at CM/ECF p. 2.) After undergoing physical therapy, Plaintiff was able to return to light-duty work. (*Id*.) However, Plaintiff's managers began to "harass[,] bully[,] and terrorize" him. (*Id*. at CM/ECF pp. 2-3.)

---

[1]The court will consider this filing as supplemental to Plaintiff's Complaint. *See* NECivR 15.1(b) (stating that the court may consider a pro se plaintiff's amended pleading "as supplemental to, rather than as superseding, the original pleading").

Ultimately, Plaintiff was "punitively" terminated on the basis of his injury and his race.  (*Id*. at CM/ECF pp. 2-3, 6; Filing No. 6.)  Plaintiff also mentions that an "internal E.E.O. mediation" regarding this matter ended without a resolution.  (Filing No. 1 at CM/ECF p. 5.)  Plaintiff seeks $12 million in monetary damages and a "career employment job."  (*Id*.)

## II.    APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. § 1915(e).  The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).  However, a pro se plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III.    DISCUSSION OF CLAIMS

Liberally construed, Plaintiff asserts three claims: (1) he was discriminated against in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Rehabilitation Act"), (2) he was terminated on the basis of his race in violation of

Title VII of the Civil Rights Act of 1964 ("Title VII"), and (3) breach of contract under the Postal Reorganization Act, 39 U.S.C. § 1208(b) ("PRA"). The court will explore each claim below.

    *1.    Rehabilitation Act*

The Rehabilitation Act provides, "No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, . . . be subjected to discrimination . . . under any program or activity conducted by . . . the United States Postal Service." 29 U.S.C. § 794(a). To establish a Rehabilitation Act claim against the Postal Service, Plaintiff needs to show that "he was disabled, was otherwise qualified, and was the victim of discrimination solely because of his disability." *Peebles v. Potter*, 354 F.3d 761, 765 (8th Cir. 2004) (internal quotation marks omitted). Section 705 of the Rehabilitation Act defines disability as a physical or mental impairment that substantially limits one or more of the major life activities of such individual; a record of such impairment; or being regarded as having such an impairment. 29 U.S.C. § 705(9)(B) (incorporating 42 U.S.C.A. § 12102); *Berkey v. Henderson*, 120 F. Supp. 2d 1189, 1191-92 (S. D. Iowa 2000).

Here, Plaintiff alleges he sustained a work-related injury on December 19, 2012. (Filing No. 1. at CM/ECF p. 2.) After undergoing physical therapy, Plaintiff was able to return to light-duty work. (*Id*.) However, Plaintiff's managers began to "harass[,] bully[,] and terrorize" him. (*Id*. at CM/ECF pp. 2-3.) Ultimately, Plaintiff was "punitively" terminated based on perceived restrictions resulting from his work-related injury. (*Id*.; Filing No. 6.) Liberally construed, Plaintiff has alleged enough to nudge his Rehabilitation Act claim across the line from conceivable to plausible. However, the court cautions Plaintiff that this is only a preliminary determination based on the allegations of the Complaint and is not a determination of the merits of Plaintiff's Rehabilitation Act claim or potential defenses thereto.

2.      *Title VII*

Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment." *Brown v. General Servs. Admin.*, 425 U.S. 820, 835 (1976); *see also Gerdes v. Chertoff*, No. 4:08CV3246, 2009 WL 2351742, at *4 (D. Neb. July 24, 2009) (concluding a federal employee's exclusive remedy for employment discrimination claim is provided by Title VII).  Pursuant to Title VII, all personnel actions affecting employees of the United States Postal Service "shall be free from any discrimination based on race, color, religion, sex, or national origin."  *See* 42 U.S.C. § 2000e-16.

In order to set forth a prima facie case of discrimination under Title VII, Plaintiff must establish that he: (1) is a member of a protected class, (2) met his employer's legitimate expectations, (3) suffered an adverse employment action, and (4) the circumstances give rise to an inference of discrimination.  *Gibson v. Am. Greetings Corp.*, 670 F.3d 844, 853 (8th Cir. 2012).  Additionally, prior to filing a suit in federal court under Title VII, a plaintiff is required to exhaust his administrative remedies by first seeking relief through the EEOC or the NEOC.  The EEOC/NEOC will then investigate the charge and determine whether to file suit on behalf of the charging party or make a determination of no reasonable cause.  If the EEOC/NEOC determines that there is no reasonable cause, the agency will then issue the charging party a right-to-sue notice.  42 U.S.C. § 2000e-5(f)(1); *see also Hanenburg v. Principal Mut. Life Ins. Co.*, 118 F.3d 570 (8th Cir. 1997).  The charging party has 90 days from the receipt of the right-to-sue notice to file a civil complaint based on his charge.  42 U.S.C. § 2000e-5(f)(1).

Liberally construed, Plaintiff alleges that he was discriminated against on the basis of his race.  (Filing No. 1 at CM/ECF p. 4.)  However, Plaintiff does not allege that he is a member of a protected class or describe any circumstances that would give rise to an inference of discrimination based on his race.  Further, Plaintiff has not filed

a copy of his EEOC charge or his right-to-sue notice. Thus, the court cannot determine whether Plaintiff's Title VII claim is timely.

However, on its own motion, the court will provide Plaintiff with the opportunity to (1) amend his Complaint to sufficiently allege a Title VII claim against Defendant, and (2) file a copy of his EEOC charge and right-to-sue notice with the court. Any amended complaint shall restate the allegations of Plaintiff's current Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, Plaintiff's Title VII claims will be dismissed without prejudice without further notice.

3.     PRA

Liberally construed, Plaintiff may also be trying to allege a claim under the PRA. The PRA provides that "[s]uits for violation of contracts between the Postal Service and a labor organization representing Postal Service employees, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy." 39 U.S.C. § 1208. However, Plaintiff does not describe whether a labor organization is representing him in any proceeding, nor does he sufficiently identify a contract or agreement that Defendants may have breached.[2] Thus, Plaintiff has failed to allege sufficient facts to state a PRA claim.

Again, the court will provide Plaintiff with the opportunity to amend his Complaint to sufficiently allege a PRA claim against Defendants for breach of contract. Any amended complaint shall restate the allegations of Plaintiff's current

_____

[2]Plaintiff's Supplement does suggest that a "Union" is involved in this matter. (Filing No. 6.) If Plaintiff elects to file an amended complaint, he should be mindful to describe the Union's involvement in this matter.

Complaint (filing no. 1), and any new allegations.  Failure to consolidate all claims into one document will result in the abandonment of claims.  If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, Plaintiff's PRA claims will be dismissed without prejudice without further notice.

IT IS THEREFORE ORDERED that:

1.     Plaintiff shall have until **January 2, 2014**, to amend his Complaint and clearly state Title VII and PRA claims upon which relief may be granted against Defendants in accordance with this Memorandum and Order.  If Plaintiff fails to file an amended complaint, Plaintiff's Title VII and PRA claims against Defendants will be dismissed without further notice for failure to state a claim upon which relief may be granted and for failure to follow this court's orders.

2.     In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

3.     The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **January 2, 2014**.

4.     Plaintiff shall keep the court informed of his current address at all times while this case is pending.  **Failure to do so may result in dismissal without further notice.**

6

DATED this 2nd day of December, 2013.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.